**FILED**

Feb 21 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

## CRIMINAL COVER SHEET

***Instructions:*** *Effective November 1, 2016, this Criminal Cover Sheet must be completed and submitted, along with the Defendant Information Form, for each new criminal case.*

| | |
|---|---|
| **CASE NAME:** USA v. Kent Laird, Soyvaree Kaewdee, Jiaqi Zhang | **CASE NUMBER:** CR23-63 JSC  CR |
| **Is This Case Under Seal?** | Yes ✓   No |
| **Total Number of Defendants:** | 1    2-7 ✓    8 or more |
| **Does this case involve ONLY charges under 8 U.S.C. § 1325 and/or 1326?** | Yes    No ✓ |
| **Venue (Per Crim. L.R. 18-1):** | SF ✓    OAK    SJ |
| **Is this a potential high-cost case?** | Yes    No ✓ |
| **Is any defendant charged with a death-penalty-eligible crime?** | Yes    No ✓ |
| **Is this a RICO Act gang case?** | Yes    No ✓ |
| **Assigned AUSA (Lead Attorney):** Barbara J. Valliere | **Date Submitted:** 2/21/2023 |
| **Comments:** | |

Form CAND-CRIM-COVER (Rev. 11/16)

RESET FORM    SAVE PDF

# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

CR23-63 JSC

UNITED STATES OF AMERICA,

V.

KENT LAIRD,
SOYVAREE KAEWDEE,
and
JIAQI ZHANG,

**FILED**

Feb 21 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

DEFENDANT(S).

## INDICTMENT

18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud;
18 U.S.C. § 1341 – Mail Fraud;
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation

A true bill.

/s/ Foreperson of the Grand Jury

Foreman

Filed in open court this __21st__ day of

February, 2023.

Clerk

Bail, $ Arrest Warrant

STEPHANIE M. HINDS (CABN 154284)
United States Attorney

**FILED**

Feb 21 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KENT LAIRD,<br>SOYVAREE KAEWDEE,<br>　　and<br>JIAQI ZHANG,<br><br>　　　　Defendants. | CASE NO. CR23-63 JSC<br><br>VIOLATIONS:<br>18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud;<br>18 U.S.C. § 1341 – Mail Fraud;<br>18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation<br><br>SAN FRANCISCO VENUE |

# I N D I C T M E N T

The Grand Jury charges:

## INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1. "Company One" is an American business and employment-oriented online service headquartered in Sunnyvale, California that operates via websites and mobile apps. The "Company One" Media Production ("LMP") Team is responsible for execution of two categories of internal and external production: "Content Production" and "Live Production." "Content Production" work relates to productions of internal promotional videos and includes creative development, production, and distribution of media. "Live Production" work relates to Company One's broadcast infrastructure

INDICTMENT

1  delivering content, event, and streaming for both internal and external audiences.

2      2.      Defendant KENT LAIRD resided in Redwood City, California and Bothel, Washington. In November of 2017, Company One hired LAIRD as its LMP Director, Head of Content, Video & Studios to manage LMP's Content Production work.

3      3.      Defendant SOYVAREE KAEWDEE resided in Lawndale, California and Las Vegas, Nevada.

4      4.      Defendant JIAQI ZHANG resided in Redwood City, California and Bellevue, Washington.

5      5.      "Company Two," located in Santa Clara, California, is a company that provided audio and video equipment and technical production services as well as employment processing services for companies requiring event and studio production support.  Employment processing services included, among other things, review and processing information related to a company's independent contractors.  Specifically, Company 2 assisted companies with completion of Forms I-9 (Employee Eligibility Verification), generation of Forms 1099, and invoice tracking.  Company Two's employment processing services also included onboarding and processing payments to the client companies' independent contractors.

6      6.      During the time alleged in this Indictment, Company One's LMP team employed independent contractors and used Company Two to hire and pay the independent contractors.  Company Two charged Company One an hourly rate for production services and a 10 percent fee for its employment processing services.

*The Schemes to Defraud*

7      7.      From a time unknown but no later than May of 2018 and continuing through in or about December 2019, defendants KENT LAIRD and SOYVAREE KAEWDEE engaged in a scheme, plan, and artifice to defraud Company One and Company Two as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promise, by making materially false and misleading statements, and failing to disclose material facts with a duty to disclose.  From a time unknown but no later than October of 2018 and continuing through in or about December 2019, defendants KENT LAIRD and JIAQI ZHANG engaged in a scheme, plan, and artifice

INDICTMENT                                              2

to defraud Company One and Company Two as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promise, by making materially false and misleading statements, and failing to disclose material facts with a duty to disclose.

8. The objectives of the schemes to defraud were, among other objectives, (a) to cause Company Two to retain KAEWDEE and ZHANG as independent contractors for Company One by falsely representing that they were qualified to perform consultant or producer services for LMP and Company One; (b) to submit false or overstated invoices for work done by KAEWDEE and ZHANG, knowing that either no work or minimal work had been done on behalf of LMP; (c) to obtain payment from Company Two on behalf of Company One of thousands of dollars for services that had not been performed; and (d) to provide kickbacks to LAIRD for payments made on the fraudulent invoices submitted to Company Two and paid by Company Two on behalf of LMP and Company One.

As part of the conspiracies and the schemes to defraud:

9. In May of 2018, LAIRD and Company Two worked out an arrangement whereby (a) LAIRD would provide Company Two with the names and employment documentation for so-called "freelancers," independent contractors that LAIRD wanted to use for Company One projects; (b) Company Two would engage LAIRD's freelancers as independent contractors of Company Two; (c) the freelancers would send invoices to LAIRD at Company One for their services; (d) LAIRD would approve the freelancers' invoices and pass them on to Company Two for payment; (e) Company Two would pay the freelancers; and (f) Company Two would then provide invoices to Company One for the amount paid the freelancers plus its 10 percent fee.

10. On May 14, 2018, LAIRD contacted Company Two and identified two freelancers he wanted Company Two to onboard as independent contractors. Attached to the email were Internal Revenue Forms W-9 (Request for Taxpayer Information Number and Certification) signed by two individuals, SOYVAREE KAEWDEE, and Unindicted Freelancer #1. LAIRD represented that he wanted to hire these freelancers as "consultants" or "producers" and have them work directly for him on LMP projects.

11. Company One's position description for the position of "Producer – Video Production" states that the person should have the following qualifications: "bachelor's degree in film/television or

equivalent practical experience"; and "4+ years of professional experience in a producing role." Among the responsibilities for the producer position is to "[p]roduce a variety of projects including documentary, marketing, narrative, and series," "[g]uide projects from creative development to pre-production, production, post production, and final delivery," "[w]ork closely with writer/directors to ensure the integrity of a production," and "[m]anage organizational and logistical tasks for a production including shoot scheduling, location scouting, crewing, creating call sheets, and obtaining permits and releases as needed."

12. On October 18, 2018, LAIRD identified JIAQI ZHANG as someone he wanted to hire as a freelance producer and sent Company Two a Form W-9 signed on October 11, 2018 by ZHANG.

13. On February 26, 2019, KAEWDEE sent a new W-9 to LAIRD that listed a new address in Las Vegas, Nevada. LAIRD forwarded the new W-9 to Company Two on March 9, 2019.

14. A Company One Statement of Work (SOW) provided to Company Two for January 1, 2019 through December 31, 2019, identified KAEWDEE and ZHANG as providing the company "Freelance Producer Work" delivering "Production services," "Video editing," and "Script writing."

15. LAIRD caused Company Two to hire KAEWDEE and ZHANG as independent contractors, specifically freelance producers, despite that, among other things, KAEWDEE did not have a bachelor's degree in film or television, or possess prior professional experience in a producing role, and ZHANG did not have a bachelor's degree in film or television, or possess more than four years prior professional experience in a producing role.

16. Beginning in June of 2018 and continuing until November of 2019, LAIRD approved fraudulent invoices for work performed by KAEWDEE and ZHANG that he then forwarded to Company Two for payment. Specifically, between on or about June 4, 2018 and November 25, 2019, LAIRD created and then approved a total of 71 invoices submitted to Company One on behalf of KAEWDEE for podcast writing or producing work done for LMP at Company One despite that KAEWDEE performed no work for Company One. Between June 13, 2018 and November 25, 2019, based on LAIRD's approval of the invoices, Company Two issued 71 cashier's checks to KAEWDEE for work done for LMP at Company One in the total amount of $537,210.49.

17. Between on or about October 16, 2018 and continuing until November 20, 2019, LAIRD

INDICTMENT                                              4

approved a total of 58 invoices ZHANG submitted to Company One for podcast writing or producing work done for Company One despite that ZHANG performed little to no work for Company One. Between October 16, 2018 and November 20, 2019, based on LAIRD's approval of the invoices, Company Two issued 58 checks to ZHANG for work done for LMP at Company One in the total amount of $155,400.00.

18. Between June 18, 2018 and December 3, 2019, KAEWDEE deposited the checks she had received from Company Two into three separate bank accounts: Wells Fargo Account No. xxxxxx6563, opened in the name of K.K., a relative of KAEWDEE; Wells Fargo Account No. xxxxxx4508, opened in the name of K.K., a relative of KAEWDEE; and Wells Fargo Account No. xxxxxx9300, opened in KAEWDEE's own name. Between June 19, 2018 and November 22, 2019, KAEWDEE caused 74 wire transfers from Wells Fargo Account No. xxxxxx9300 and Wells Fargo Account No. xxxxxx7764 to be sent to LAIRD's Wells Fargo Account No. xxxxxx9600 for a total of amount of $150,350.00. Between July 24, 2018 and November 22, 2019, KAEWDEE caused 16 wire transfers to be made from K.K.'s Wells Fargo Account No. xxxxxx6563 and Wells Fargo Account No. xxxxxx4508 to LAIRD's Wells Fargo Account No. xxxxxx9600 for a total amount of $33,700.00.

19. Between October 16, 2018 and November 18, 2019, ZHANG deposited 54 of the checks she had received from Company into Wells Fargo Account No. xxxxxx1808. On October 7, 2019, a $25,000.00 in cashier check drawn from ZHANG's Wells Fargo account xxxxxx1808 was deposited into LAIRD's Wells Fargo Account No. xxxxxx9600.

20. In furtherance of their schemes to defraud, KENT LAIRD, SOYVAREE KAEWDEE, JIAQI ZHANG, used a variety of means and methods, including:

    a. Making false statements to obtain independent contractor status for KAEWDEE and ZHANG with Company Two, including making false or misleading misrepresentations regarding the qualifications of KAEWDEE and ZHANG to perform the work for LMP and the scope of work to be performed for LMP;

    b. Submitting fabricated or inflated invoices to Company Two for work not performed on behalf of Company One;

    c. Obtaining payment from Company Two on behalf of LMP at Company One for services

INDICTMENT 5

not rendered to LMP or Company One; and

  d. Providing payment in the form of kickbacks to LAIRD for facilitating fraudulent payment of invoices for work not performed for LMP or Company One.

<u>COUNT ONE</u>:  18 U.S.C. § 1349 (Conspiracy to Commit Mail Fraud)

  21. The factual allegations in Paragraphs 1 through 20 are re-alleged and incorporated as if fully set forth here.

  22. Beginning no later than in or around May of 2018 and continuing until at least in or around November of 2019, in the Northern District of California, and elsewhere, the defendants,

KENT LAIRD, and<br>SOYVAREE KAEWDEE,

knowingly conspired and agreed with each other and with others known and unknown to the Grand Jury to commit mail fraud, in violation of Title 18, United States Code, Section 1341.

  All in violation of Title 18, United States Code, Section 1349.

<u>COUNTS TWO THROUGH TEN</u>:  18 U.S.C. § 1341 (Mail Fraud)

  23. The factual allegations in Paragraphs 1 through 20, and 22 are re-alleged and incorporated as if fully set forth here.

  24. Beginning no later than May of 2018, and continuing through in or about November of 2019, in the Northern District of California, and elsewhere, the defendants,

KENT LAIRD, and<br>SOYVAREE KAEWDEE,

did knowingly and with the intent to defraud devise and intend to devise a scheme and artifice to defraud Company One as to a material matter, and to obtain moneys and property from Company One by means of materially false and fraudulent pretenses, representations, and promises, and by means of omission and concealment of material facts, which scheme and artifice is summarized in paragraphs 7 through 20 above.

<u>The Use of the Mails</u>

  25. On or about the dates set forth in the separate counts below, in the Northern District of California, and elsewhere, for the purpose of executing the scheme and artifice referred to above, and attempting to do so, the defendants

INDICTMENT           6

KENT LAIRD, and
SOYVAREE KAEWDEE,

did knowingly cause to be delivered by the U.S. Postal Service according to the direction thereon the following mail matter containing checks drawn on Company Two's bank account:

| COUNT | DATE | DESCRIPTION OF MAIL COMMUNICATION |
|---|---|---|
| Two | October 6, 2018 | Mailing sent to KAEWDEE at an address in Lawndale, California containing CitiBank Cashier's Check No. 118302770 in the amount of $16,400 |
| Three | December 19, 2018 | Mailing sent to KAEWDEE at an address in Lawndale, California containing CitiBank Cashier's Check No. 119836509 in the amount of $4,400 |
| Four | January 12, 2019 | Mailing sent to KAEWDEE at an address in Lawndale, California containing CitiBank Cashier's Check No. 120364694 in the amount of $16,500 |
| Five | March 13, 2019 | Mailing sent to KAEWDEE at an address in Las Vegas, Nevada containing CitiBank Cashier's Check No. 121588554 in the amount of $7,000 |
| Six | May 25, 2019 | Mailing sent to KAEWDEE at an address in Las Vegas, Nevada containing CitiBank Cashier's Check No. 123051285 in the amount of $12,000 |
| Seven | June 22, 2019 | Mailing sent to KAEWDEE at an address in Las Vegas, Nevada containing Citibank Cashier's Check No. 123618552 in the amount of $11,000 |
| Eight | August 16, 2019 | Mailing sent to KAEWDEE at an address in Las Vegas, Nevada containing CitiBank Cashier's Check No. 124743226 in the amount of $8,000 |
| Nine | October 3, 2019 | Mailing sent to KAEWDEE at an address in Las Vegas, Nevada containing CitiBank Cashier's Check No. 125696204 in the amount of $15,000 |
| Ten | November 13, 2019 | Mailing sent to KAEWDEE at an address in Las Vegas, Nevada containing CitiBank Cashier's Check No. 126464074 in the amount of $5,000 |

Each in violation of Title 18, United States Code, Section 1341.

COUNT ELEVEN:  18 U.S.C. § 1349 (Conspiracy to Commit Mail Fraud)

26. The factual allegations in Paragraphs 1 through 20 are re-alleged and incorporated as if fully set forth here.

INDICTMENT                                                             7

27.     Beginning no later than in or around October of 2018 and continuing until at least in or around November of 2019, in the Northern District of California, and elsewhere, the defendants,

KENT LAIRD, and
JIAQI ZHANG,

knowingly conspired and agreed with each other and with others known and unknown to the Grand Jury to commit mail fraud, in violation of Title 18, United States Code, Section 1341.

All in violation of Title 18, United States Code, Section 1349.

COUNTS TWELVE THROUGH TWENTY:  18 U.S.C. § 1343 (Mail Fraud)

28.     The factual allegations in Paragraphs 1 through 20, and 27 are re-alleged and incorporated as if fully set forth here.

29.     Beginning no later than October of 2018, and continuing through in or about November of 2019, in the Northern District of California, and elsewhere, the defendants,

KENT LAIRD, and
JIAQI ZHANG

did knowingly and with the intent to defraud devise and intend to devise a scheme and artifice to defraud Company One as to a material matter, and to obtain moneys and property from Company One by means of materially false and fraudulent pretenses, representations, and promises, and by means of omission and concealment of material facts, which scheme and artifice is summarized in paragraphs 7 through 20 above.

The Use of the Mails

30.     On or about the dates set forth in the separate counts below, in the Northern District of California, and elsewhere, for the purpose of executing the scheme and artifice referred to above, and attempting to do so, the defendants

KENT LAIRD, and
JIAQI ZHANG,

did knowingly cause to be delivered by the U.S. Postal Service according to the direction thereon the following mail matter containing checks drawn on Company Two's bank account:

| COUNT | DATE | DESCRIPTION OF MAIL COMMUNICATION |
|---|---|---|
| | | |

INDICTMENT                                          8

| | | |
|---|---|---|
| Twelve | October 16, 2018 | Mailing sent to ZHANG at an address in Redwood City, California containing CitiBank Cashier's Check No. 118478518 in the amount of $1,300 |
| Thirteen | February 9, 2019 | Mailing sent to ZHANG at an address in Redwood City, California containing CitiBank Cashier's Check No. 120939925 in the amount of $1,700 |
| Fourteen | May 14, 2019 | Mailing sent to ZHANG at an address in Redwood City, California containing CitiBank Cashier's Check No. 122857785 in the amount of $2,000 |
| Fifteen | June 8, 2019 | Mailing sent to ZHANG at an address in Redwood City, California containing CitiBank Cashier's Check No. 123383048 in the amount of $3,400 |
| Sixteen | June 22, 2019 | Mailing sent to ZHANG at an address in Redwood City, California containing CitiBank Cashier's Check No. 123622826 in the amount of $5,100 |
| Seventeen | August 16, 2019 | Mailing sent to ZHANG at an address in Redwood City, California containing CitiBank Cashier's Check No. 124748614 in the amount of $15,000 |
| Eighteen | October 4, 2019 | Mailing sent to ZHANG at an address in Redwood City, California containing CitiBank Cashier's Check No. 125727953 in the amount of $15,000 |
| Nineteen | October 26, 2019 | Mailing sent to ZHANG at an address in Redwood City, California containing CitiBank Cashier's Check No. 126107483 in the amount of $2,500 |
| Twenty | November 16, 2019 | Mailing sent to ZHANG at an address in Redwood City, California containing CitiBank Cashier's Check No. 126524991 in the amount of $1,700 |

Each in violation of Title 18, United States Code, Section 1341.

FORFEITURE ALLEGATION:  18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

31.     The allegations contained in this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

32.     Upon conviction for any of the offenses set forth in Counts One through Twenty of this Indictment, the defendants,

KENT LAIRD,
SOYVAREE KAEWDEE, and
JIAQI ZHANG,

INDICTMENT                                              9

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived from proceeds the defendant obtained directly and indirectly, as the result of those violations, including but not limited to the following:

33. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: 2/21/2023                                      A TRUE BILL.

                                                      /s/ Foreperson

                                                      _____
                                                      FOREPERSON

STEPHANIE M. HINDS
United States Attorney

/s/ Barbara J. Valliere
_____
BARBARA J. VALLIERE
Assistant United States Attorney

INDICTMENT                                            10

**FILED**
Feb 21 2023
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S.

BY: ☐ COMPLAINT    ☐ INFORMATION    ☒ INDICTMENT    ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location:
NORTHERN DISTRICT
SAN FRANCISCO

## OFFENSE CHARGED

18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud;
18 U.S.C. § 1341 – Mail Fraud;
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:
20 years' imprisonment
3 years' supervised release
$250,000 fine per felony conviction
$100 special assessment
restitution, and forfeiture

### DEFENDANT - U.S

▶ KENT LAIRD

DISTRICT COURT NUMBER
CR23-63 JSC

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY    ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form: Stephanie Hinds
☒ U.S. Attorney    ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Barbara J. Valliere

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction    ☐ Federal    ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No
If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS    ☐ NO PROCESS*    ☒ WARRANT    Bail Amount: _____

If Summons, complete following:
☐ Arraignment    ☐ Initial Appearance

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time: _____    Before Judge: _____

Comments:

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

**FILED**
Feb 21 2023
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate:
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

## OFFENSE CHARGED

18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud;
18 U.S.C. § 1341 – Mail Fraud;
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:
20 years' imprisonment
3 years' supervised release
$250,000 fine per felony conviction
$100 special assessment
restitution, and forfeiture

## DEFENDANT - U.S

▶ SOYVAREE KAEWDEE

DISTRICT COURT NUMBER

CR23-63 JSC

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form: Stephanie Hinds
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Barbara J. Valliere

## DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction    ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments:

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S.

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT   ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT
SAN FRANCISCO

**FILED**
Feb 21 2023
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## OFFENSE CHARGED

18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud;
18 U.S.C. § 1341 – Mail Fraud;
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:
20 years' imprisonment
3 years' supervised release
$250,000 fine per felony conviction
$100 special assessment
restitution, and forfeiture

## DEFENDANT - U.S

▶ JIAQI ZHANG

DISTRICT COURT NUMBER

CR23-63 JSC

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form   Stephanie Hinds
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Barbara J. Valliere

## DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction   ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes  ☐ No     If "Yes" give date filed

DATE OF ARREST ▶  Month/Day/Year

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶  Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT     Bail Amount:

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:     Before Judge:

Comments: